**WAGSTAFFE, VON LOEWENFELDT, BUSCH & RADWICK LLP**
Frank Busch (258288)
busch@wvbrlaw.com
100 Pine Street, Suite 2250
San Francisco, CA 94111
Telephone: (415) 357-8900

**PALLAS PARTNERS (US) LLP**
Duane L. Loft*
Duane.Loft@pallasllp.com
Melissa J. Kelley*
Melissa.Kelley@pallasllp.com
Brianna Hills Simopoulos*
Brianna.Simopoulos@pallasllp.com
John McAdams*
John.McAdams@pallasllp.com
75 Rockefeller Plaza
New York, NY 10019
Telephone: (212) 970-2300

*Pro hac vice* applications forthcoming

Counsel for Petitioners

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Application of<br><br>Oasis Focus Fund LP and Quadre Investments, L.P..<br><br>Petitioners, for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery For Use In a Foreign Proceeding. | Case No. 23-_____<br><br>**APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING** |

Oasis Focus Fund LP and Quadre Investments L.P. ("**Petitioners**") respectfully request an order in the form attached hereto permitting Petitioners to obtain limited discovery (the "**Requested Discovery**") under 28 U.S.C. § 1782 ("**Section 1782**") in connection with an appraisal proceeding pending before the Grand Court of the Cayman Islands (the "**Appraisal Proceeding**"), to which Petitioners are parties. In support of their application, Petitioners submit a Memorandum

of Law and the Declarations of Duane L. Loft, Tyler Burtis, Rocco Cecere, and Ingrid Mangatal. Petitioners further state as follows:

1. Petitioners seek the assistance of this Court to obtain the Requested Discovery from David Katsujin Chao and certain entities affiliated with DCM Ventures[1] (the "**DCM Ventures Entities**" or "**DCM**," and together with Mr. Chao, "**Respondents**") for use in the Appraisal Proceeding. Mr. Chao was the Chairman of 51job, Inc. (the "**Company**") at the time of its take-private merger and signed the proxy statement issued by the Company in connection with the merger. DCM, of which Mr. Chao is the Co-Founder and General Partner, is a shareholder of the Company.

2. Petitioners' tailored requests are set forth in the subpoenas attached as Exhibit 1 and Exhibit 2 to the Loft Declaration (the "**Subpoenas**") and relate to the fair value of the shares of the Company that are the subject of the Appraisal Proceeding, including the process leading to the purchase of the shares of the Company's unaffiliated minority shareholders (including Petitioners). As set forth in the accompanying submissions, the Requested Discovery cannot be obtained compulsorily in the Appraisal Proceeding but the Grand Court of the Cayman Islands will be receptive to the Requested Discovery and assistance from this Court.

3. Section 1782 permits litigants in foreign proceedings to obtain discovery in the United States to assist in the foreign litigation. In particular, Section 1782 states:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

4. The statutory requirements of Section 1782 are satisfied here. As explained in the accompanying submissions: (1) Mr. Chao "resides" in this District because he maintains a

---

[1] DCM Management Co., L.L.C.; DCM Management Co. VI, LLC; DCM Management Company IV, L.L.C.; DCM Management Company V, L.L.C.; and DCM Management, Inc.

residence and an office here, and the DCM Entities are "found" in this District because they have their principal place of business here; (2) the Requested Discovery is to be used in the Appraisal Proceeding; and (3) Petitioners are "interested person[s]" in the Appraisal Proceeding because they are a party to the Appraisal Proceeding before the Grand Court of the Cayman Islands.

5. This application also meets the discretionary factors of Section 1782. As explained further in the accompanying submissions: (1) Respondents are not parties to the Appraisal Proceeding; (2) the Grand Court of the Cayman Islands will be receptive to judicial assistance from a U.S. court; (3) Petitioners are not attempting to circumvent foreign proof-gathering restrictions; and (4) the Requested Discovery is not intrusive or burdensome. See *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004).

6. Petitioners therefore respectfully request that this Court expeditiously grants application for an Order granting Petitioners leave to serve Respondents with the Subpoenas.

7. WHEREFORE, Petitioners respectfully request that this Court enter an Order:
 a. granting the application for discovery under 28 U.S.C. § 1782;
 b. authorizing Petitioners to take discovery from Respondent, by issuing the Subpoenas; and
 c. directing Respondents to comply with the Subpoenas issued in this case in accordance with the Federal Rules of Civil Procedure and the Rules of this Court.

Dated: January 20, 2023

By:    */s/ Frank Busch*
**WAGSTAFFE, VON LOEWENFELDT, BUSCH & RADWICK LLP**
Frank Busch (258288)
busch@wvbrlaw.com
100 Pine Street, Suite 2250
San Francisco, CA 94111
Telephone: (415) 357-8900

**PALLAS PARTNERS (US) LLP**
Duane L. Loft*
Duane.Loft@pallasllp.com
Melissa J. Kelley*
Melissa.Kelley@pallasllp.com
Brianna Hills Simopoulos*
Brianna.Simopoulos@pallasllp.com
John McAdams*
John.McAdams@pallasllp.com
75 Rockefeller Plaza
New York, NY 10019
Telephone: (212) 970-2300

*Pro hac vice* applications forthcoming

*Counsel for Petitioners*